IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MOSES ANGELO LIBERO, #A5004933, | Civil No. 24-00402 MWJS-RT |
| Petitioner, | ORDER DISMISSING PETITION WITHOUT LEAVE TO AMEND AND ORDER TO SHOW CAUSE |
| vs. | |
| STATE OF HAWAIʻI, BIG ISLAND, KONA COURT, *et al.*, | |
| Respondents. | |

## **INTRODUCTION**

Pro se petitioner Moses Angelo Libero alleges that he has been falsely imprisoned for crimes he did not commit.  ECF No. 1.  He seeks an immediate release from state custody, $999 quintillion dollars every six weeks for the remainder of his life, and ownership of Hawaiʻi Island "4 life every 6 weeks 4 life."  *Id.* at PageID.5.

Libero's pleading could be construed either as a civil complaint or as a petition for habeas relief.  But the pleading does not satisfy the standards governing either type of submission.  Accordingly, Libero's pleading is DISMISSED.

It also does not appear that Libero can cure the deficiencies in his pleading through amendment.  The Court therefore does not grant Libero leave to amend his pleading at this time.  If, after considering this Order, Libero still wishes to proceed

with either a civil complaint or a habeas petition, he is ORERED TO SHOW CAUSE why such leave should be granted by submitting a letter by no later than December 13, 2024, explaining how he could possibly address the deficiencies described herein. If Libero cannot show that he can cure the deficiencies through an amendment of his pleading, then the Court will deny leave to amend and dismiss this action with prejudice. Alternatively, Libero may voluntarily dismiss this action.

## BACKGROUND

In February 2018, Libero was charged in Hawaiʻi state court with Attempted Murder in the Second Degree (Count 1), Assault in the Second Degree (Count 2), Terroristic Threatening in the First Degree (Count 3), and Kidnapping (Count 4) for events that allegedly occurred on January 26, 2018.[1]  *See* Indictment, *State v. Libero*, No. 3CPC-18-0000112 (Haw. 3d Cir. Ct. Feb. 13, 2018), Dkt. 1; *see also* ECF No. 1, at PageID.1 ("I got accused of a crime that I did not commit on [January] 26, 2018.").

On April 24, 2019, Libero pleaded no contest to a lesser included offense in Count I—that is, Assault in the First Degree.  *See* Minutes, *Libero*, No. 3CPC-18-0000112 (Haw. 3d Cir. Ct. Apr. 24, 2019), Dkt. 186; *see also* No Contest Plea, *Libero*, No. 3CPC-18-

---

[1]    These facts are taken from Libero's petition, ECF No. 1, and public records in *State v. Libero*, No. 3CPC-18-0000112 (Haw. 3d Cir. Ct.).  *See* Fed. R. Evid. 201(b) & (b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

0000112 (Haw. 3d Cir. Ct. Apr. 24, 2019), Dkt. 189.  The state court accepted Libero's plea and found him guilty of Assault in the First Degree.  *See* Minutes, *Libero*, No. 3CPC-18-0000112 (Haw. 3d Cir. Ct. Apr. 24, 2019), Dkt. 186.

On June 28, 2019, Libero was sentenced to incarceration for an indeterminate period of ten years, with credit for time served.  *See* Judgment of Conviction and Sentence, *Libero*, No. 3CPC-18-0000112 (Haw. 3d Cir. Ct. June 28, 2019), Dkt. 202. Counts 2, 3, and 4 were dismissed with prejudice.  *See* Motion for Nolle Prosequi with Prejudice as to Counts 2, 3, 4 of the Indictment Filed February 13, 2018, *Libero*, No. 3CPC-18-0000112 (Haw. 3d Cir. Ct. June 28, 2019), Dkt. 206.

Libero is currently incarcerated at Halawa Correctional Facility, a state prison. *See* Vine, https://vinelink.vineapps.com/search/HI/Person (select "ID Number," enter "A5004933" in "ID Number" field and select "Search") (last visited Nov. 5, 2024). According to the online inmate locator, Libero is scheduled to be released on January 23, 2028.  *Id.* (select "Record Details"); *see also* ECF No. 1, at PageID.1 ("10 years max out 2028").

The Court received Libero's petition for relief on September 17, 2024.  ECF No. 1. He names the State of Hawaiʻi Big Island Kona Court, Judge Robert Kim, attorney Kimberly Taniyama, and the Supreme Court of the United States as the parties responsible for his alleged false imprisonment.  *Id.* at PageID.1-3.  Libero alleges that he was "accused of a crime that [he] did not commit" and asks "when is my court date and

3

what time." ECF No. 7, at PageID.22. He also claims that he received ineffective assistance of counsel and appears to argue that he was wrongfully convicted. *See* ECF No. 1, at PageID.1; ECF No. 1, at PageID.4 (alleging federal question jurisdiction and listing as the basis "false imprisonment, false document[,] false evadents [sic], false statement[,] false records, wrongful judge, inaffective [sic] counsel"). Libero also contends that he has "the right to see [his] accuser in court and no witnesses and no victim came to [his] last day of [his] speedy [trial] court." *Id.* at PageID.12. He seeks his immediate release from prison, $999 quintillion dollars every six weeks for the remainder of his life, and ownership of Hawaiʻi Island "4 life every 6 weeks 4 life." *Id.* at PageID.5; *see also id.* at PageID.6 ("I like get out of prison now"); *id.* at PageID.7 ("get out of prison (now)"); *id.* at PageID.13 ("Can I [get] out asap.").

## LEGAL STANDARD

Libero's submission could be viewed either as a civil complaint or as a habeas petition. The Court therefore briefly discusses the legal standards governing each of these types of pleadings.

1. Because Libero makes a demand for money damages, his complaint could be viewed as a civil complaint. When a prisoner files an in forma pauperis civil complaint, that complaint does not automatically kickstart a lawsuit; instead, the Court must first screen the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018). Claims or complaints that are frivolous or

4

malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed before any summons has issued.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

This screening process involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct.  *See id.*

As a general matter, courts liberally grant leave to amend if it appears that the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  But when a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

2.  Because "[h]abeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement," *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (cleaned up), and because Libero asks to be released from Halawa Correctional Facility, his filing could be viewed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  *See, e.g., Jackson v. Cal. Dep't of Corr.*, No. C 10-472, 2010 WL 1266772, at *1

(N.D. Cal. Apr. 1, 2010) ("The court construes the document to be a petition for writ of habeas corpus because it challenges the fact or duration of petitioner's confinement.").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court may dismiss a habeas corpus petition on its own initiative if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases (2019); *see Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  Dismissal is warranted when a petition's allegations are "vague or conclusory," "palpably incredible," or "patently frivolous or false."  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (cleaned up).  But a district court should only dismiss a petition "after providing the petitioner with adequate notice and an opportunity to respond."  *Valdez*, 918 F.3d at 693 (cleaned up).

<u>DISCUSSION</u>

**A.    Libero's Pleading Does Not Satisfy Civil Complaint Standards**

If Libero's complaint is construed as a civil rights complaint brought under 42 U.S.C. § 1983, he must meet the standards governing such actions.  He has not done so, and it does not appear that he can do so.  There are three reasons why.

1.  As a threshold matter, Libero has not shown that his conviction or sentence has *already* been reversed or otherwise declared invalid.  To the contrary, he appears to be asking the Court in this very proceeding to declare his conviction and sentence

6

invalid.  That is not something the Court can do through a civil complaint.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  As noted earlier, "[h]abeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement," *Skinner*, 562 U.S. at 525 (cleaned up).

Nor could Libero proceed via civil complaint simply by limiting his requested relief to money damages.  A Section 1983 plaintiff may not "recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless they first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87.  It does not appear that Libero can show any of these things.

For this reason alone, Libero's pleading—if construed as a civil complaint—must be dismissed.  And for this reason, too, it does not appear that Libero can cure the deficiency in his pleading when construed as a civil complaint.

2.  The second reason why Libero's pleading is deficient when construed as a civil complaint is because it appears to have been brought too late.  Libero's claims for damages against the named defendants appear to arise out of his guilty plea in 2019, which was more than five years ago.  But these claims are time-barred by the applicable

statute of limitations.  "Federal courts borrow from state law to determine any

applicable statute of limitations for § 1983 claims, including tolling provisions."  *Lockett*

*v. Cnty. of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020).  In Hawaiʻi, there is a "two-year

general personal injury statute of limitations for actions for the recovery of

compensation for damage or injury to persons or property brought under § 1983."

*Guity v. Hawaiʻi*, No. CV 21-00055, 2021 WL 7904056, at *2 (D. Haw. Oct. 27, 2021)

(cleaned up).  If a plaintiff claims that the statute of limitations should be tolled for a

complaint filed after this two-year period, they must show that they have (1) pursued

that right "diligently," and (2) that some "extraordinary circumstance" prevented them

from filing the complaint.  *Off. of Hawaiian Affs. v. State*, 110 Hawaiʻi 338, 360, 133 P.3d

767, 789 (2006).

Libero filed his pleading on September 17, 2024, more than five years after his

guilty plea on April 24, 2019, and after his conviction became final on July 29, 2019.  *See*

Haw. R. App. P. 4(b)(1) ("In a criminal case, the notice of appeal shall be filed within 30

days after entry of the judgment or order appealed from.").  Libero does not indicate

that he appealed from that judgment or was otherwise hampered by some

"extraordinary circumstance" that would have prevented him from filing this action in

federal court.  And he does not allege facts or cite to any legal authority that would

support a claim that equitable tolling should apply here.  In short, Libero has not

explained why he could not have brought this claim within two years after his

conviction became final. This is another reason why Libero's pleading must be dismissed when construed as a civil complaint.

3. The third deficiency in Libero's pleading, construed as a civil complaint, is that it fails to plead a plausible claim against any of the named defendants—Judge Robert Kim, the state deputy prosecuting attorney, Libero's defense counsel, or the Supreme Court of the United States.

First, Judge Kim is immune from suit under the Eleventh Amendment. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). And "[i]t is well settled that judges are generally immune from suit for money damages." *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021). Libero does not specifically allege facts as to how Judge Kim acted to violate Libero's constitutional rights or why Judge Kim should otherwise be held liable for monetary damages. And after Libero's pleadings to date, there does not appear to be any possibility that Libero *could* allege facts to make such a showing.

Second, Libero has not alleged a plausible claim against the state deputy prosecuting attorney. While a state prosecutor is undoubtedly a "quintessential state actor" who may be held liable under certain circumstances for constitutional violations, Libero has not alleged any specific facts showing how the prosecutor deprived him of his constitutional rights. *Georgia v. McCollum*, 505 U.S. 42, 50 (1992). Libero generally

9

alleges a potential Sixth Amendment Confrontation Clause issue because "no witnesses and no victim" came to court on the final day of his court proceedings.  ECF No. 1, at PageID.1.  But those facts are insufficient to allege a plausible constitutional violation, particularly because Libero pled guilty, and such a plea "waives important constitutional rights including the right to confront one's accusers."  *United States v. Terrack*, 515 F.2d 558, 561 (9th Cir. 1975).

Third, Libero has not specifically alleged how his defense attorney (1) acted under the color of state law or (2) violated his constitutional rights.  Neither private counsel nor a public defender is presumed to act under color of state law, and Libero has not otherwise shown that there was nexus between the State and his defense attorney's actions.  *See Guity*, 2021 WL 7904056, at *3 ("Private counsel do not act under color of state law." (cleaned up)); *Develter v. Craven*, No. 2:22-CV-1389, 2022 WL 12000781, at *3 (E.D. Cal. Oct. 20, 2022) ("Because a public defender does not act under color of law, plaintiff cannot amend his complaint to state a cognizable § 1983 claim against the public defender."); *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (cleaned up)).

Finally, Libero has not alleged any specific actions related to his conviction or sentence that would be attributable to the Supreme Court of the United States, and there is no possibility that he could do so in an amended pleading.

*    *    *

Because Libero appears to seek relief that is not available through a civil complaint, because his claims appear to be time-barred, and because he does not allege a plausible claim for relief against any defendant, it appears that any proposed amendments to Libero's pleading, when viewed as a civil complaint, would be futile. The Court therefore DISMISSES Libero's pleading to the extent it can be construed as a civil complaint, and the Court does not grant leave to amend the pleading.

**B.    Libero's Pleading Fails to Satisfy Habeas Standards**

If Libero's pleading were construed as a habeas petition, it would still be deficient.

1.  The threshold deficiency in Libero's pleading, when construed as a habeas petition, is that it does not name a proper defendant.  Libero names as respondents to his petition Judge Robert Kim, the state prosecuting attorney, defense counsel Kimberly Taniyama, and the Supreme Court of the United States.  ECF No. 1, at PageID.2-3. None of these individuals is a proper defendant in a habeas action.

A petitioner seeking a writ of habeas corpus must name "the person who has custody over him."  28 U.S.C. § 2242; *see* Rule 2(a) of the Rules Governing Section 2254

11

Cases (2019) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Smith v. Idaho*, 392 F.3d 350, 354-55 (9th Cir. 2004). Failure to properly name the petitioner's custodian as respondent deprives the district court of personal jurisdiction over the custodian.  *See Smith*, 392 F.3d at 354-55.  And "longstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."  *Padilla*, 542 U.S. at 435; *see Smith*, 392 F.3d at 354-56.

Libero is incarcerated at Halawa Correctional Facility.  But he did not name the warden of that facility as a respondent.  And none of the defendants he *did* name has "day-to-day control" over him.  *Padilla*, 542 U.S. at 439.  Because he did not name a proper respondent, his petition must be dismissed.

If Libero still wishes to proceed with a habeas action, he must file an amended petition naming a correct respondent—that is, the warden at Halawa Correctional Facility.  *See Kaopua v. Hawaiʻi*, No. 10-00582, 2010 WL 4007663, at *1 (D. Haw. Oct. 12, 2010).

2.  If the only deficiency in Libero's pleading were that it named the wrong respondent, the Court would grant leave to amend.  But there are two additional

12

deficiencies in Libero's pleading, viewed as a habeas petition, and it is unclear whether he will be able to cure them through amendment.

a.  First, it appears that Libero has failed to exhaust his state remedies before filing this habeas action in federal court.  "The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).  So a petitioner in state prison "must give the state courts an opportunity to act on [their] claims before [they] present[] those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017).  A petitioner satisfies the exhaustion requirement by either: "(1) fairly and fully presenting each federal claim to the state's highest court or (2) showing that there is no state remedy available."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

"[F]ederal courts may consider *sua sponte* whether the [petitioner] has exhausted state remedies."  *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).  Where a habeas petition raises only unexhausted claims, the court must dismiss the petition.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.").

Here, it does not appear that Libero has pursued available state court remedies. For example, he does not allege that he appealed his conviction and sentence at the state level.  Nor does Libero allege that he filed a petition under Hawaiʻi Rules of Penal Procedure Rule 40, which allows for post-conviction proceedings.  Unless he can show that he has exhausted his claims in state court, or that an exception applies, Libero's petition must be dismissed.  *See Nettles v. Grounds*, 830 F.3d 922, 932 n.8 (9th Cir. 2016) (en banc) ("[A] state prisoner must pursue and exhaust all remedies available in state court before a federal court may entertain a petition, unless corrective process is unavailable in the state or is ineffective in protecting the prisoner's rights.").

Libero is reminded that a claim is exhausted only if it "has been fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Thus, a petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Insyxiengmay*, 403 F.3d at 668.  The Ninth Circuit has stated that a habeas "petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Id.*  The "mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).  If Libero believes that he exhausted his federal claims in state

court, he must explain how he did so in detail.  If he cannot do so, then it would be futile to grant him leave to amend.

b.  Second, it appears that Libero's pleading, when viewed as a habeas petition, is untimely.  A one-year statute of limitation applies to all habeas petitions filed by prisoners in state custody, subject to certain tolling conditions.  *See* 28 U.S.C. § 2244(d)(1).  That one-year clock starts running on the latest date of several "triggering events."  *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011).  Those events include "the dates on which:  direct review becomes final, an unlawful state-created impediment to filing is removed, a new constitutional right is made retroactively available, or the factual predicate of the claim(s) presented could have been discovered with due diligence."  *Id.* (cleaned up).  So whichever event happens last starts the one-year statute of limitation period.

In most instances, the limitation period is governed by 28 U.S.C. § 2244(d)(1)(A), which covers the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *See generally Herrera v. Ramirez*, No. 1:15-CV-00525, 2020 WL 5848341, at *5 (D. Idaho Sept. 30, 2020).  It is only in "rare instances" that "the limitation period may run from a date later than the date on which the judgment became final."  *Baker v. California*, No. C 99-2088, 2000 WL 74071, at *1 n.1 (N.D. Cal. Jan. 25, 2000).

15

The one-year statute of limitations may be tolled while a proper post-conviction appeal or proceeding is pending regarding the same conviction or claim at issue in a habeas petition.  *See* 28 U.S.C. § 2244(d)(2); *White v. Martel*, 601 F.3d 882, 883-84 (9th Cir. 2010) (per curiam).  Equitable tolling may also apply if the prisoner meets their burden of showing extraordinary circumstances and diligence.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  And Libero has not shown that either of those conditions apply to his case, such that the Court should consider an equitable tolling period.

Here, even if Libero exhausted his remedies, it is not apparent that this action is timely as a habeas petition.  Libero's conviction appears to have become final on July 29, 2019—that is, thirty days after the state court entered its final judgment of conviction and sentence on June 28, 2019.  *See* Haw. R. App. P. 4(b)(1) ("In a criminal case, the notice of appeal shall be filed within 30 days after entry of the judgment or order appealed from.").  And as noted, it does not appear that Libero appealed from that judgment, nor does it appear that he ever filed a Hawaiʻi Rules of Penal Procedure Rule 40 post-conviction petition.  More than five years have passed since the state court entered judgment.  Accordingly, unless Libero can demonstrate that the one-year statute of limitation on this action has not expired, it would be futile to grant him leave to amend.

//

//

16

**C.**     **Libero's Payment to the Court**

Parties ordinarily must pay filing fees to bring lawsuits.  In the District of
Hawaiʻi, litigants must pay $5.00 to file a petition for a writ of habeas corpus and must
pay $405.00 to file a civil complaint.  *See* United States District Court, District of
Hawaiʻi, *Schedule of Fees & Online Payments*, https://www.hid.uscourts.gov/court-
resources/schedule-of-fees (last visited Nov. 13, 2024).  A litigant who cannot afford to
make this payment can request permission to proceed in forma pauperis instead.

In this case, Libero initially submitted an application to proceed in forma
pauperis.  ECF No. 9.  On October 17, 2024, the Court issued an order explaining that it
could not yet determine that he qualified for that status, and the Court asked Libero to
provide additional information.  ECF No. 11.  Libero responded, on October 31, 2024, by
paying the $5.00 filing fee required for a habeas petition.  ECF No. 15.

Nonetheless, although the Court previously informed Libero that only a $5.00 fee
is required for a habeas action, *see* ECF Nos. 2, 8, 11, Libero mailed a $360.00 cashier's
check to the Clerk's Office.  To date, the Clerk's Office has deposited Libero's $360.00
check and credited $5.00 toward the filing fee associated with this action.  At this point,
Libero is entitled to a refund check in the amount of $355.00.

To the extent Libero now wishes to pay for the filing of a civil complaint—rather
than to proceed in forma pauperis via civil complaint—he is reminded that the filing fee
for a civil complaint is $405.00.  Before Libero makes such a payment, the Court

admonishes him to carefully consider the deficiencies the Court has identified in this Order, which make it highly like that any such civil complaint ultimately would be dismissed, even if he were to pay the filing fee.

## **CONCLUSION**

(1) Libero's pleading is DISMISSED. Leave to amend is not granted at this time.

(2) If Libero wishes to file either an amended civil complaint or an amended habeas petition, he is ORDERED TO SHOW CAUSE in a letter to the Court explaining how he can address the relevant deficiencies identified above. Libero must file this letter no later than December 13, 2024. Libero is admonished that if he does not file a timely letter, or if he does not adequately explain how he could cure the identified deficiencies, the Court will deny leave to amend and close this matter with prejudice.

(3) In the alternative, Libero may notify the court in writing on or before December 13, 2024, that he is voluntarily dismissing this action.

(4) The Clerk shall SEND Libero a blank Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody so that he can comply with the instructions in this Order, should he decide to file an amended habeas petition along with his written response to this Order.

//

//

//

IT IS SO ORDERED.

DATED:  November 13, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 24-00402 MWJS-RT; *Moses Angelo Libero v. State of Hawaiʻi Big Island Kona Court, et al.*; ORDER DISMISSING PETITION WITHOUT LEAVE TO AMEND AND ORDER TO SHOW CAUSE